UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FLTR, INC.<br><br>    Plaintiff,<br><br>v.<br><br>SAFE AND CLEAN PROTECTION, LLC,<br>AMS VENTURES, LLC, AARON SELLS,<br>and JOHN DOE,<br><br>    Defendants. | C.A. No.: 1:21-cv-11546<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff FLTR, Inc. ("FLTR"), by and through its undersigned counsel, complains of Defendants Safe and Clean Protection, LLC ("Safe and Clean"), AMS Ventures, LLC ("AMS"), Aaron Sells ("Sells") and John Doe's (collectively, "Defendants") conduct and alleges upon information and belief as follows:

## NATURE OF THIS ACTION

1. FLTR brings this civil action for breach of contract, misrepresentation and fraud, unjust enrichment, and unfair and deceptive practices in violation of Mass. Gen. Laws ch. 93A arising out of Defendants' agreement to sell PPE face masks that Defendants' did not own or possess, and failure to reimburse FLTR for its unfulfilled purchase order.

2. Through this action, FLTR seeks reimbursement of the $462,500.00 it agreed to pay and paid Defendants in exchange for products Defendants did not own or possess. Defendants concocted and successfully carried out a scheme to induce and defraud FLTR into paying them nearly half a million dollars in exchange for nothing. This scheme was not only carried out by the Defendant companies, but the individuals operating those businesses as well.

1

**PARTIES**

3. Plaintiff FLTR, Inc. is a Washington corporation with a principal place of business located at 110 110th Avenue NE, Suite 520, Bellevue, WA 98004. FLTR develops, manufactures, and sells face masks, respirators, face shields, and other personal protective equipment ("PPE") products throughout the world, including the United States.

4. Defendant Safe and Clean Protection, LLC is a Massachusetts limited liability company with a principal place of business at 297 Newbury Street, Suite 3, Boston, MA 02115. Safe and Clean does business or has done business within the Commonwealth of Massachusetts. Upon information and belief, Defendants Sells and John Doe are owners, members, operators, and/or executives of Safe and Clean.

5. Defendant AMS Ventures, LLC is a Massachusetts limited liability company with a principal place of business at 2 Peach Tree Lane, Duxbury, MA 02332. AMS does business or has done business within the Commonwealth of Massachusetts. Upon information and belief, Defendants Sells and John Doe are owners, operators, and/or executives of AMS.

6. Defendant Aaron Sells is an individual residing at 2 Peach Tree Lane, Duxbury, MA 02332. Upon information and belief, Defendant Sells is an owner, member, operator, and/or executive of Safe and Clean and AMS.

7. The John Doe Defendant is an employee of Safe and Clean. The Doe Defendant identified himself as "Mark" in communications with FLTR, and corresponded with FLTR via the email address mark@safeandcleanprotection.com. However, despite FLTR's diligent investigation, it has been unable to identify the true name and identity of the Doe Defendant at this time. FLTR believes that information obtained in discovery will lead to the identification of the Doe Defendant. FLTR will amend this Complaint to include the name and residence of the

Doe Defendant once it has ascertained the same.  For purposes of this Complaint, the Doe Defendant will be referred to herein as "Mark."

## JURISDICTION AND VENUE

8. This Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1) as complete diversity is present among FLTR and Defendants, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  Specifically, FLTR is a Washington corporation with a principal place of business in the State of Washington. Defendant Sells resides in Massachusetts. Defendant Safe and Clean is a Massachusetts limited liability company.  Safe and Clean's members identified on its registration with the Massachusetts Secretary of State, Robert Aussubel and Aaron Sells, are residents of Massachusetts.  Defendant AMS is a Massachusetts limited liability company.  AMS' member identified on its registration with the Massachusetts Secretary of State, Aaron Sells, is a resident of Massachusetts.

9. This Court has jurisdiction over Defendants.  Defendant Sells resides in Massachusetts and conducts business in Massachusetts.  Defendants Safe and Clean and AMS are registered Massachusetts limited liability companies, maintain their principal places of businesses in Massachusetts, and conduct business in Massachusetts.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391, as Defendants are all residents of Massachusetts.

## FACTS

*Defendants' Misrepresentations to FLTR and Breach of the Agreement*

11. Defendant Safe and Clean represents itself to the public on its website, www.safeandcleanprotection.com, as "providing you the best PPE procurement, products, and

services." Moreover, "[a]t Safe and Clean Protection we pride ourselves in providing trusted procurement services to our clients…."

12. On August 11, 2021, FLTR contacted Defendants for the procurement of three-million boxes of 50-count, three-ply face masks.

13. Specifically, FLTR sought to acquire 250,000 boxes of 50-count, three-ply face masks to supply to a potential FLTR customer.

14. In response that same day, Defendant Mark falsely represented to FLTR that it had 250,000 boxes of "FFG 3ply face masks - 50 count box" available for purchase.

15. Accordingly, through written correspondence, FLTR and Defendants agreed to the purchase and sale of 250,000 boxes of "FFG 3ply face masks - 50 count box."

16. On August 12, 2021, Defendant Sells, knowing that they did have the masks, provided FLTR with an invoice on behalf of Defendants for $462,500.00 falsely representing Defendants' agreement to sell and FLTR's agreement to purchase 250,000 "FFG 3ply face masks - 50 count box" (the invoice and corresponding communications, the "Agreement").

17. The Agreement contained an express representation by Defendants to FLTR that Defendants had 250,000 "FFG 3ply face masks - 50 count box" available for purchase:



18.     That same day, pursuant to the Agreement and relying upon the representations of Defendants, FLTR completed payment of $462,500.00 via wire transfer.

19.     Since the date of FLTR's completed wire transfer, Defendants have not provided access to the 250,000 boxes of "FFG 3ply face masks - 50 count box" Defendants agreed to sell to FLTR and have not demonstrated that they possesses the inventory whatsoever.

*Defendants' Misrepresentations After Execution of the Agreement*

20.     Repeatedly since the date of the Agreement, Defendants continued to misrepresent to FLTR that they had 250,000 "FFG 3ply face masks - 50 count box" available for purchase.  However, to date, Defendants have not provided access to the 250,000 boxes of "FFG 3ply face masks - 50 count box" Defendants agreed to sell to FLTR.

21. On August 30, 2021, FLTR demanded a refund of its $462,500.00 payment as a result of Defendants' misrepresentations and breach of the Agreement.

22. On September 2, 2021, Defendants contacted FLTR and represented once again that they had the 250,000 "FFG 3ply face masks - 50 count box" in inventory.

23. On September 8, 2021, Defendant Mark, knowing he did not have the masks, provided a false video of the purported inventory of "FFG 3ply face masks - 50 count box" and falsely represented to FLTR that the inventory could be picked up at three locations. Specifically:

> **From:** Safe And Clean
> **To:** Jason Lemelson
> **Cc:** Aaron Sells; Peter Attisha; Michael Hensel
> **Subject:** Re: Inspection and pick up location
> **Date:** Wednesday, September 08, 2021 5:49:05 PM
> **Attachments:** image001.png
>
> Jason,
>
> There are multiple addresses. Please let me know how you would like to set this up.
>
> 1383 S Cucamonga Ave, Ontario, CA 91761
>
> 14001 Rosecrans Ave., la mirada, CA 90638
>
> 4290 E. Brickell St., Ontario, CA - from this warehouse there are 2 others with product.
>
> Thank you,
>
> Mark
> Safe and Clean Protection
>
> Sent from my iPhone

24. Despite FLTR's multiple attempts to pick up the inventory, Defendants have still not provided access to the 250,000 boxes of "FFG 3ply face masks - 50 count box" Defendants agreed to sell to FLTR.

25. Finally, on September 16, 2021, Defendant Sells confirmed via email to FLTR that Defendants did not possess—and had never possessed—the "FFG 3ply face masks - 50 count box" they agreed to sell to FLTR.

26. Defendants did not possess—and have never possessed—the "FFG 3ply face masks - 50 count box" they agreed to sell to FLTR when they entered into the Agreement.

27. As a result of Defendants' failure to fulfill FLTR's purchase and breach of the Agreement, FLTR has been damaged in the amount of $462,500.00 paid to Defendants, plus costs and fees.

28. Moreover, due to Defendants' failure to timely fulfill FLTR's purchase and breach of the Agreement, FLTR's potential customer has since sourced the masks from a FLTR competitor, resulting in lost profits to FLTR.

## COUNT I
## BREACH OF CONTRACT
**(against Defendants Safe and Clean and AMS)**

29. FLTR hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

30. The Agreement is a valid and enforceable contract for value and is supported by adequate consideration.

31. FLTR fully performed its material obligations under the Agreement at all relevant times, including, but not limited to, completing payment of $462,500.00 to Defendants pursuant to the terms of the Agreement.

32. Defendants materially breached the Agreement by failing to deliver the 250,000 boxes of "FFG 3ply face masks - 50 count box" Defendants agreed to sell to FLTR pursuant to the terms of the Agreement.

33. As a direct and proximate result of Defendants' breach of the Agreement, FLTR has incurred and continues to incur monetary damages including, but not limited to, the amount of $462,500.00 paid to Defendants pursuant to the terms of the Agreement, lost profits in the form of lost sales, loss of goodwill, as well as costs and legal fees expended in an effort to recover FLTR's payment or the 250,000 boxes of "FFG 3ply face masks - 50 count box" Defendants agreed to sell to FLTR.

## COUNT II
## FRAUD AND MISREPRESENTATION
### (against all Defendants)

34. FLTR hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

35. Defendants induced FLTR to enter the Agreement and pay Defendants $462,500.00 by making certain false, deceptive, misleading, and fraudulent representations and by concealing material facts from FLTR, including, but not limited to, by misrepresenting that Defendants did not own or possess the 250,000 boxes of "FFG 3ply face masks - 50 count box" Defendants agreed to sell to FLTR.

36. Defendants' affirmative misrepresentations and active concealments were of numerous material facts and made contemporaneously with the Agreement.

37. Specifically, on August 12, 2021, Defendant Sells, knowing he did not possess the 250,000 boxes of "FFG 3ply face masks - 50 count box," provided FLTR with an invoice on behalf of Defendants for $462,500.00 falsely representing that Defendants possessed and were ready to sell 250,000 "FFG 3ply face masks - 50 count box" to FLTR, although Defendants did not actually possess the inventory.

38. Further, on September 8, 2021, Defendant Mark, knowing he did not possess the 250,000 boxes of "FFG 3ply face masks - 50 count box," provided a false video of the purported inventory and represented to FLTR that the inventory could be picked up at three locations, although Defendants did not actually possess the inventory.

39. Upon information and belief, Defendants' affirmative misrepresentations and concealments were made with knowledge of their falsity or that such facts were being misrepresented and were reasonably calculated to deceive and defraud FLTR.

40. Upon information and belief, Defendants made affirmative misrepresentations and concealments set forth herein with the intent to deceive and induce FLTR to enter the Agreement and pay Defendants $462,500.00.

41. FLTR reasonably relied on the affirmative misrepresentations and the concealments of Defendants in entering into the Agreement and paying Defendants $462,500.00.

42. FLTR reasonably relied on the affirmative misrepresentations and the concealments of Defendants expending additional time and costs in trying to obtain the masks.

43. FLTR was, in fact, deceived to FLTR's detriment by the affirmative misrepresentations and concealments of Defendants.

44. Defendants were obligated not to affirmatively misrepresent material facts or to conceal material facts.

45. As a direct and proximate result of Defendants' affirmative misrepresentations and fraud, FLTR has incurred and continues to incur monetary damages including, but not limited to, the amount of $462,500.00 paid to Defendants pursuant to the terms of the Agreement, lost profits in the form of lost sales, loss of goodwill, as well as costs and legal fees

expended in an effort to recover FLTR's payment or the 250,000 boxes of "FFG 3ply face masks - 50 count box" Defendants agreed to sell to FLTR.

## COUNT III
## UNJUST ENRICHMENT
### (against Defendants Safe and Clean and AMS)

46. FLTR hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

47. Defendants have been unjustly enriched by virtue of their acceptance of FLTR's payment of $462,500.00, for which Defendants have refused to fulfill the purchase 250,000 boxes of "FFG 3ply face masks - 50 count box" Defendants agreed to sell to FLTR.

48. Pursuant to the Agreement between Defendants and FLTR, Defendants were obligated to fulfill the purchase 250,000 boxes of "FFG 3ply face masks - 50 count box" Defendants agreed to sell to FLTR.

49. FLTR only made payment to Defendants on the understanding that Defendants would fulfill the purchase of 250,000 boxes of "FFG 3ply face masks - 50 count box" Defendants agreed to sell to FLTR.

50. To date, Defendants have not provided FLTR access to the 250,000 boxes of "FFG 3ply face masks - 50 count box" Defendants agreed to sell to FLTR.

51. Defendants knowingly and voluntarily received and accepted FLTR's payment of $462,500.00 with the full understanding of FLTR's reasonable expectation that its purchase of 250,000 boxes of "FFG 3ply face masks - 50 count box" would be fulfilled by Defendants.

52. Defendants will be measurably and unjustly enriched at the expense of FLTR if Defendants are permitted to retain FLTR's payment of $462,500.00 and avoid fulfilling the 250,000 boxes of "FFG 3ply face masks - 50 count box" Defendants agreed to sell to FLTR.

53. Equity demands that Defendants must be required to reimburse FLTR's payment of $462,500.00.

## COUNT IV
## VIOLATION OF MASS. GEN. LAWS ch. 93A § 11
**(against Defendants Safe and Clean and AMS)**

54. FLTR hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

55. FLTR and Defendants are in the conduct of trade or commerce within the meaning of Mass. Gen. Laws ch. 93A.

56. As detailed above, Defendants' agreement to sell "FFG 3ply face masks - 50 count box" that Defendants' did not own or possess, and misrepresentations regarding the same, constitute unfair and deceptive business acts.

57. As a direct and proximate result of Defendants' unfair and deceptive acts, FLTR has incurred and continue to incur monetary damages including, but not limited to, the amount of $462,500.00 paid to Defendants pursuant to the terms of the Agreement, lost profits in the form of lost sales, loss of goodwill, as well as costs and legal fees expended in an effort to recover FLTR's payment or the 250,000 boxes of "FFG 3ply face masks - 50 count box" Defendants agreed to sell to FLTR pursuant to the terms of the Agreement.

## PRAYER FOR RELIEF

WHEREFORE, FLTR, Inc. prays for judgment in its favor and against Defendants providing for the following relief:

A. Award FLTR its damages suffered as a result of Defendants' acts, including, but not limited to, the $462,500.00 it paid to Defendants pursuant to the Agreement, as well as lost profits from lost sales and loss of goodwill;

B. Award FLTR interest at the maximum rate per annum on the amounts found to be due and owing to FLTR, from the date of breach or wrongful conduct until the date of judgment;

C. Award FLTR treble damages pursuant to Mass. Gen. Laws ch. 93A, § 11;

D. Award FLTR attorneys' fees and costs of suit herein incurred;

E. Award FLTR such other and further relief as the Court may deem just and proper.

## JURY TRIAL CLAIM

FLTR, Inc. hereby requests trial by jury as to all claims so triable.

Respectfully submitted,

FLTR, INC.

By its attorneys,

/s/ Michael R. Murphy
Michael R. Murphy (BBO# 671816)
michael.r.murphy@klgates.com
Jack S. Brodsky (BBO# 696683)
jack.brodsky@klgates.com
K&L Gates LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Tel: (617) 261-3100
Dated: September 20, 2021            Fax: (617) 261-3175