**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| FLTR, INC. | ) |
| | ) |
| Plaintiff, | ) C.A. No.: 1:21-cv-11546-AK |
| | ) |
| v. | ) |
| | ) |
| SAFE AND CLEAN PROTECTION, LLC, | ) |
| AMS VENTURES, LLC, AARON SELLS, | ) |
| and JOHN DOE, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## FLTR'S MOTION FOR DEFAULT JUDGMENT
### (with Memorandum of Law Incorporated)

Pursuant to Federal Rule of Civil Procedure 55(b), Plaintiff FLTR, Inc. ("FLTR") hereby moves for default judgment against Defendants Safe and Clean Protection, LLC ("Safe and Clean"), AMS Ventures, LLC ("AMS"), and Aaron Sells ("Sells") (collectively, "Defendants") [1] due to their failure to timely respond to FLTR's Complaint. By virtue of their default, Defendants have admitted the factual allegations in the Complaint and these allegations must be taken as true. *See* Fed. R. Civ. P. 8(b)(6).[2] In support of this request, FLTR states as follows:

## I.   INTRODUCTION

This is a lawsuit arising out of Defendants' agreement to sell PPE face masks that Defendants did not own or possess, and failure to reimburse FLTR for its unfulfilled purchase order. ECF No. 1 ("Compl."), ¶ 1. Through this action, FLTR seeks reimbursement of the $462,500.00 it agreed to pay—*and paid*—Defendants in exchange for products Defendants did

---

[1]     FLTR voluntarily dismissed the John Doe Defendant on April 20, 2022. ECF No. 10.

[2]     "Effect of Failing to Deny.  An allegation - other than one relating to the amount of damages - is admitted if a responsive pleading is required and the allegation is not denied.  If a responsive pleading is not required, an allegation is considered denied or avoided."

not own or possess.  Defendants concocted and successfully carried out a scheme to induce and defraud FLTR into paying them nearly half a million dollars in exchange for nothing.  This scheme was not only carried out by the Defendant companies, but the individuals operating those businesses as well.  *Id.* ¶ 2.

In order to recoup the monies it paid to Defendants after falling victim to Defendants' scheme, FLTR filed this action on September 20, 2021 against Defendants for:  (1) breach of contract; (2) fraud and misrepresentation; (3) unjust enrichment; and (4) unfair and deceptive practices in violation of Mass. Gen. Laws ch. 93A.  ECF No. 1.  Defendants did not respond to FLTR's Complaint and the Clerk of the Court has entered a default against all Defendants.  ECF Nos. 19-21.  FLTR now seeks a default judgment against Defendants to recoup the nearly half-million dollars it paid to Defendants in exchange for products Defendants did not own or possess.[3]

## II.      FACTUAL BACKGROUND

### A.      <u>Defendants' Misrepresentations to FLTR and Breach of the Agreement</u>

Through multiple misrepresentations to FLTR, Defendants intentionally induced FLTR's payment of nearly half a million dollars in exchange for products Defendants did not own or possess. To date, FLTR has not received anything in return for its payment of $462,500.00 to Defendants.

Defendant Safe and Clean advertises itself to the public on its website, www.safeandcleanprotection.com, as "providing you the best PPE procurement, products, and

---

[3]       As FLTR's unjust enrichment claim does not provide any meaningful additional remedies, in an effort to simplify this matter and bring it to conclusion, FLTR does not move for default judgment as to its unjust enrichment claim (Count III).  Should this Court award default judgment as to FLTR's remaining claims, FLTR requests that the Court dismiss Count III, without prejudice.  Notwithstanding this, FLTR reserves its right to pursue Count III should Defendants ultimately appear to defend this case.

services." Compl. ¶ 11.  On August 11, 2021, FLTR contacted Defendants to inquire about purchasing boxes of 50-count, three-ply face masks.  *Id.* ¶ 12.  Specifically, FLTR sought to acquire 250,000 boxes of 50-count, three-ply face masks to supply to a potential FLTR customer. *Id.* ¶ 13.  In response that same day, an employee of Safe and Clean named Mark[4] falsely represented to FLTR that Defendants had 250,000 boxes of "FFG 3ply face masks - 50 count box" available for purchase.  *Id*. ¶ 14.  Accordingly, through written correspondence, FLTR and Defendants agreed to the purchase and sale of 250,000 boxes of "FFG 3ply face masks - 50 count box."  *Id.* ¶ 15.

Thereafter, on August 12, 2021, Defendant Sells, knowing that Defendants did not have the masks, provided FLTR with an invoice on behalf of Defendants for $462,500.00 falsely representing Defendants' agreement to sell and FLTR's agreement to purchase 250,000 "FFG 3ply face masks - 50 count box" (the invoice and corresponding communications, the "Agreement"), although Defendants did not actually possess the inventory.  Compl. ¶¶ 16, 37. The Agreement contained an express representation by Defendants, namely Defendant Sells, to FLTR that Defendants possessed 250,000 "FFG 3ply face masks - 50 count box" for purchase:

---

[4]     As set forth in FLTR's Complaint, FLTR dealt with an individual named "Mark" at Safe and Clean, who corresponded with FLTR via email address mark@safeandclean.com.  However, despite FLTR's diligent investigation, it has been unable to identify the true name and identity of "Mark."



*Id.* ¶ 17.   That same day, pursuant to the Agreement and relying upon the representations of Defendants, FLTR completed payment of $462,500.00 via wire transfer to AMS. *Id.* ¶ 18.

Since the date of FLTR's completed wire transfer, Defendants have not provided access to the 250,000 boxes of "FFG 3ply face masks - 50 count box" Defendants agreed to sell to FLTR and have not demonstrated that they possess the inventory whatsoever.  Compl. ¶ 19.

**B.**      **Defendants' Misrepresentations After Breach of the Agreement**

Not only did Defendants make knowing misrepresentations to induce FLTR to make a payment of nearly $500,000, Defendants thereafter repeatedly misrepresented to FLTR that they had 250,000 "FFG 3ply face masks - 50 count box" available for purchase, when they did not. To date, Defendants have not provided access to the 250,000 boxes of "FFG 3ply face masks - 50 count box" Defendants agreed to sell to FLTR.  Compl. ¶ 20.  Specifically, on August 30, 2021, FLTR demanded a refund of its $462,500.00 payment as a result of Defendants' misrepresentations and breach of the Agreement.  *Id.* ¶ 21.  On September 2, 2021, Defendants contacted FLTR and represented once again that they had the 250,000 "FFG 3ply face masks -

4

50 count box" in inventory.  *Id.* ¶ 22.  On September 8, 2021, Mark at Safe and Clean, knowing he did not have the masks, provided a false video of the purported inventory of "FFG 3ply face masks - 50 count box" and falsely represented to FLTR that the inventory could be picked up at three locations.  Specifically:



| | |
|---|---|
| From: | Safe And Clean |
| To: | Jason Lemelson |
| Cc: | Aaron Sells; Peter Attisha; Michael Hensel |
| Subject: | Re: Inspection and pick up location |
| Date: | Wednesday, September 08, 2021 5:49:05 PM |
| Attachments: | image001.png |

Jason,

There are multiple addresses. Please let me know how you would like to set this up.

1383 S Cucamonga Ave, Ontario, CA 91761

14001 Rosecrans Ave., la mirada, CA 90638

4290 E. Brickell St., Ontario, CA - from this warehouse there are 2 others with product.

Thank you,

Mark
Safe and Clean Protection

Sent from my iPhone

*Id.* ¶¶ 23, 38.  Despite FLTR's multiple attempts to pick up the inventory, Defendants have still not provided access to the 250,000 boxes of "FFG 3ply face masks - 50 count box" Defendants agreed to sell to FLTR.  *Id.* ¶ 24.

Defendants did not possess—and have never possessed—the "FFG 3ply face masks - 50 count box" they agreed to sell to FLTR when they entered into the Agreement.  Compl. ¶ 26.  On September 16, 2021, Defendant Sells confirmed as such via email to FLTR, explaining that Defendants did not possess—and had never possessed—the "FFG 3ply face masks - 50 count box" they agreed to sell to FLTR.  *Id.* ¶ 25. As a result of Defendants' failure to fulfill FLTR's purchase and breach of the Agreement, FLTR has been damaged in the amount of $462,500.00 paid to Defendants, plus costs and fees.  *Id.* ¶ 27.  Moreover, due to Defendants' failure to timely

fulfill FLTR's purchase and breach of the Agreement, FLTR's potential customer has since sourced the masks from a FLTR competitor, resulting in lost profits to FLTR.  *Id.* ¶ 28.

## III.      PROCEDURAL HISTORY

FLTR filed its Complaint in this action on September 20, 2021.  ECF No. 1.  FLTR caused a true and accurate copy of the Summons and Complaint in this matter to be served upon Defendants on June 2, 2022, as set forth in the proofs of service filed with the Court.  *See* ECF Nos. 14-16.

The time for Defendants to file an answer or other responsive pleading to the Complaint elapsed under the Federal Rule of Civil Procedure 12(a).  As of this date, Defendants have not filed an answer or other responsive pleading to the Complaint.  Pursuant to Fed. R. Civ. P. 55(a), the Clerk entered default against Defendants for their failure to respond or otherwise defend this case on October 10, 2022.  ECF Nos. 19-21.  Upon information and belief, Defendants are not infants or otherwise incompetent persons or in the military service of the United States.  A proposed order is filed contemporaneously with this Motion in accordance with the Court's standing order.

## IV.      ARGUMENTS AND AUTHORITIES

### A.      FLTR Has Met the Prerequisites for a Default Judgment

Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment.  *See, e.g., CNE Direct, Inc. v. Blackberry Corp.*, 55 F. Supp. 3d 233, 234 (D. Mass. 2014).  First, under Fed. R. Civ. P. 55(a), the clerk must enter a notation of default "[w]hen a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  Fed. R. Civ. P. 55(a). FLTR has made this showing.  *See* ECF Nos. 19-21 (entry of notice of default).

Second, upon obtaining a clerk's notation of default, a plaintiff must apply to the court for a default judgment where, as here, the plaintiff's claim is not for a "sum certain." *Sec. & Exch. Comm'n v. Tropikgadget FZE*, 146 F. Supp. 3d 270, 274-75 (D. Mass. 2015) (*quoting* Fed. R. Civ. P. 55(b)). On a motion for default judgment, the court may "examine a plaintiff's complaint, taking all well-pleaded factual allegations as true, to determine whether it alleges a cause of action." *Ramos-Falcon v. Autoridad de Energia Electrica*, 301 F.3d 1, 2 (1st Cir. 2002). In determining whether to enter a default judgment, the court must accept as true all well-pleaded allegations in the complaint, except those pertaining to the amount of damages. *See* Fed. R. Civ. P. 8(b)(6); *Banco Bilbao Vizcaya Argentaria v. Family Rests., Inc.*, 285 F.3d 111, 114 (1st Cir. 2002); *Franco v. Selective Ins. Co.*, 184 F.3d 4, 9 n.3 (1st Cir. 1999) ("A party who defaults is taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability."); *Brockton Sav. Bank v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 13 (1st Cir. 1985) ("There is no question that, default having been entered, each of [plaintiff's] allegations of fact must be taken as true and each of its . . . claims must be considered established as a matter of law.").

Here, FLTR has shown that Defendants are liable for breach of contract, fraud and misrepresentation, and unfair and deceptive business practices, as explained below.

### i.   FLTR is Entitled to Default Judgment on Count I (Breach of Contract)[5]

"To prevail on a claim for breach of contract, a plaintiff must demonstrate that there was an agreement between the parties; the agreement was supported by consideration; the plaintiff was ready, willing, and able to perform his or her part of the contract; the defendant committed

---

[5]     As alleged in the Complaint, FLTR's Count I is only against Defendants Safe and Clean and AMS.

breach of the contract; and the plaintiff suffered harm as a result." *Bulwer v. Mount Auburn Hosp.*, 473 Mass. 672, 690 (2016) (citing *Singarella v. Boston,* 342 Mass. 385, 387 (1961)).

FLTR has proven each of the elements of breach of contract under Massachusetts law. As alleged in the Complaint, the parties entered into the Agreement for the purchase and sale of 250,000 "FFG 3ply face masks - 50 count box." Compl. ¶ 15. The terms of the Agreement are represented in the Invoice # 000226 submitted by Defendants to FLTR:



*Id.* ¶ 17. In exchange, FLTR agreed to pay, and did pay, the purchase price of $462,500.00 via wire transfer. *Id.* ¶¶ 16-18. Accordingly, FLTR fully performed its material obligations under the Agreement at all relevant times, including, but not limited to, completing payment of $462,500.00 to Defendants pursuant to the terms of the Agreement. *Id.* ¶ 31. Defendants breached the Agreement by failing to supply the "FFG 3ply face masks - 50 count box" they agreed to sell to FLTR. *Id.* ¶¶ 19, 32. To date, Defendants have not provided access to the 250,000 boxes of "FFG 3ply face masks - 50 count box" Defendants agreed to sell to FLTR. *Id.* ¶ 19. As a result of Defendants' failure to fulfill FLTR's purchase and breach of the Agreement,

FLTR has been damaged in the amount of $462,500.00 paid to Defendants, plus costs and fees. *Id.* ¶ 27.  Moreover, due to Defendants' failure to timely fulfill FLTR's purchase and breach of the Agreement, FLTR's potential customer has since sourced the masks from a FLTR competitor, resulting in lost profits to FLTR.  *Id.* ¶ 28.  Having plead each of the elements of breach of contract, FLTR has proven its entitlement to a default judgment on its breach of contract claim.

### ii.     FLTR is Entitled to Default Judgment on Count II (Fraud and Misrepresentation)

"To recover for fraudulent misrepresentation, a plaintiff 'must allege and prove that the defendant made a false representation of material fact with knowledge of its falsity for the purpose of inducing the plaintiff to act thereon, and that the plaintiff relied upon the representation as true and acted upon it to [her] damage.'" *Masingill v. EMC Corp.*, 449 Mass. 532, 541 (2007) (quoting *Kilroy v. Barron,* 326 Mass. 464, 465 (1950)); *see also Griffin v. Coghill*, C.A. No. 17-CV-11619-IT, 2018 WL 1122361, at *7 (D. Mass. Mar. 1, 2018) (citing *Berwind Prop. Grp. Inc. v. Envt'l. Mgmt. Grp., Inc.*, C.A. No. 04-11411-NMG, 2007 WL 4707647, at *3 (D. Mass. Feb. 5, 2007)); *McEneaney v. Chestnut Hill Realty Corporation*, 38 Mass. App. Ct. 573, 575 (1995); *Zimmerman v. Kent*, 31 Mass. App. Ct. 72, 77 (1991). Additionally, the plaintiff's reliance must be reasonable.  *See id.*  Claims for fraud, including misrepresentation, involve a heightened pleading standard as to the particulars of the allegedly misleading statement.  *See Rodi v. S. New England Sch. Of L.*, 389 F.3d 5, 15 (1st Cir. 2004). "This heightened pleading standard is satisfied by an averment of who, what, where, and when of the allegedly false or fraudulent misrepresentation."  *Id.* (internal quotation marks and citations omitted).

9

FLTR has met these requirements, including the heightened pleading standard for claims of fraud and misrepresentation.  As for the first element, FLTR has alleged several false representations of material fact made by Defendants, including the "who, what, where, and when" of the fraudulent misrepresentations.  Specifically, on August 12, 2021, Defendant Sells, knowing Defendants did not possess the 250,000 boxes of "FFG 3ply face masks - 50 count box," provided FLTR with an invoice on behalf of Defendants for $462,500.00, which falsely represented that Defendants possessed and were ready to sell 250,000 "FFG 3ply face masks - 50 count box" to FLTR, although Defendants did not actually possess the inventory.  Compl. ¶¶ 16, 17, 37.  In additional email correspondences, Defendant Sells' misrepresentation is evidenced by the below invoice:



*Id*. ¶ 17.  Further, on September 8, 2021, Mark of Safe and Clean, knowing Defendants did not possess the 250,000 boxes of "FFG 3ply face masks - 50 count box," provided a false video of the purported inventory and represented to FLTR that the inventory could be picked up at three locations, although Defendants did not actually possess the inventory.  *Id*. ¶¶ 23, 23, 37.  This is evidenced below:

*Id.* ¶ 23.

FLTR's Complaint also establishes the remaining elements of a fraud and misrepresentation claim, namely 1) that Defendants made the statements knowingly and with the intent to induce FLTR to enter into the Agreement (*see, e.g.*, Compl. ¶¶ 16, 37, 39, 40, 51); 2) FLTR reasonably relied upon the misrepresentations, as it paid Defendants $462,500.00 via wire transfer (*see, e.g.*, ¶¶ 18, 41, 42); and 3) FLTR has been damaged as a result, including the loss of nearly $500,000, as well as lost profits from lost sales (*see, e.g., id.* ¶¶ 27, 28, 57). Accordingly, FLTR has proven its entitlement to a default judgment on its fraud and misrepresentation claim, as well.

### iii.    FLTR is Entitled to Default Judgment on Count IV (Mass. Gen. Laws ch. 93A § 11)

Finally, FLTR has also met the requirements for relief under M.G.L. c. 93A. Chapter 93A, § 11 provides:

> Any person who engages in the conduct of any trade or commerce and who suffers any loss of money or property … as a result of the use … by another person who engages in any trade or commerce of

> … an unfair or deceptive act or practice … may … bring an action
> in the [S]uperior [C]ourt….

G.L. c. 93A, § 11.  "In order for G.L. c. 93A, § 11 to apply to a given dispute, there must be a 'commercial transaction between a person engaged in trade or commerce and another person engaged in trade or commerce, such that they were acting in a 'business context.'" *Governo Law Firm LLC v. Bergeron,* 487 Mass. 188, 195 (2021) (citations omitted).   Intentional misrepresentation of fact by a defendant constitutes a violation of Chapter 93A.  *See, e.g., Mayer v. Chen-Miles Ins. Agency, Inc.*, 48 Mass. App. Ct. 435, 443 (2000) (holding that a violation of Chapter 93A requires a knowing and willful nondisclosure of fact that is "likely to mislead consumers acting reasonably under the circumstances").

Here, FLTR and Defendants are in the conduct of trade or commerce within the meaning of M.G.L. c. 93A.  Compl. ¶ 55.  As discussed *supra*, Defendants' agreement to sell "FFG 3ply face masks - 50 count box" that Defendants did not own or possess, and misrepresentations regarding the same, constitute unfair and deceptive business acts.   Defendants' misrepresentations resulted in real harm to FLTR, including the loss of nearly $500,000, as well as lost profits from lost sales. *Id.* ¶¶ 27, 28, 57. As such, relief under M.G.L. c. 93A is appropriate.

Chapter 93A provides for multiple damages if a fact-finder determines that "a willful or knowing violation occurred." *Anderson v. Comcast Corp.*, 500 F.3d 66 (1st Cir. 2007). This is the case here, as FLTR alleged that Defendants knowingly induced FLTR to enter into the Agreement and pay Defendants $462,500.00 pursuant to the Agreement.  *See*, *e.g.*, Compl. ¶¶ 16, 37, 39, 40, 51; *see Multi Technology v. Mitchell Management Sys.*, 25 Mass. App. Ct. 333, 337 (1988) ("For multiple damages to be awarded, therefore, a c. 93A complaint must allege that the violation was willful or knowing unless there is something else in the complaint, beyond a mere

recitation of facts supporting an inference only of a violation of G.L.c. 93A, which provides a defendant with fair notice of a multiple-damage claim."). As the Complaint sought multiple damages under Chapter 93A putting Defendants on notice of the same, multiple damages are now appropriate.

## V.    CONCLUSION

For the foregoing reasons, FLTR respectfully requests that this Court grant its Motion for Entry of Default Judgment in its favor against Defendants, award damages of $462,500.00 corresponding to the amount FLTR paid to Defendants under the Agreement, double those damages pursuant to M.G.L. c. 93A, and for whatever other relief this Court deems just and proper.[6]

*[SIGNATURE PAGE FOLLOWS]*

---

[6]    While also entitled to attorneys' fees, costs, and interest, FLTR does not wish to incur the cost, or burden the Court, with a petition for attorneys' fees and costs.  Therefore, FLTR does not seek its costs or attorneys' fees associated with this matter.  In lieu of an award of attorneys' fees, costs, and interest, FLTR respectfully requests that the Court double the damages award in this case, as requested above and pursuant to M.G.L. c. 93A.

This Court recently awarded multiple damages upon entry of a default judgment.  *See*, *e.g.*, *Pure Pest Mgmt., LLC v. Troy Hobby, et al.*, C.A. No. 1:21-cv-10924-IT, Default Judgment (D. Mass. Aug. 25, 2021) (unpub.) (J. Talwani) (ECF No. 10) (finding plaintiff entitled to a default judgment and concluding that "[Plaintiff] is entitled to $43,850.52 in royalty fees; and such fees shall be doubled to an award of $87,701.04 as permitted by G.L.c. 93A").

Respectfully submitted,

FLTR, INC.

By its attorneys,


/s/ Morgan T. Nickerson
Michael R. Murphy (BBO# 671816)
michael.r.murphy@klgates.com
Morgan T. Nickerson (BBO# 667290)
morgan.nickerson@klgates.com
Jack S. Brodsky (BBO# 696683)
jack.brodsky@klgates.com
K&L Gates LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Tel:  (617) 261-3100
Dated: November 14, 2022                    Fax:  (617) 261-3175